IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 21-cv-02710-RM

EDWARD NELLSON,

    Plaintiff,

v.

ANDREW MATEVOUSIAN, Warden,
BAYER, PA,
BAILEY, PA,
MICHAEL SMITH, Chief of Health Services Division,
SUSAN BEARDSLEY, Captain,
JOHN DOE, Doctor, and
JOHN DOES, Medical Designator Officer, in their official capacities,

    Defendants.

## ORDER

    Before the Court is Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 2). For the reasons below, the Court denies the requested temporary restraining order, and the case will proceed with respect to the requested preliminary injunction.

## I.    LEGAL STANDARDS

    To obtain a temporary restraining order or injunctive relief, the plaintiff must establish "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Diné Citizens Against Ruining Our Environment v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quotation omitted). Because injunctive relief is an extraordinary

remedy, the plaintiff's right to relief must be clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). If the injunction will (1) alter the status quo, (2) mandate action by the defendant, or (3) afford the movant all the relief that he could recover at the conclusion of a full trial on the merits, the movant must meet a heightened burden. *Id.* at 1259.

## II. BACKGROUND

Plaintiff, a federal prisoner at USP Florence, simultaneously filed his Motion and Complaint in this case. He asserts that he is disabled and that he sustained a serious head injury on September 24, 2021, when part of his wheelchair broke, causing him "to launch forward, knocking his forehead sharply into the side of the toilet, and then onto the floor." (ECF No. 1, Compl. ¶ 52.) Over the next few days, he alleges that he passed out several times (*id.* at ¶¶ 58, 64, 80) and that he repeatedly sought medical care (*id.* at ¶¶ 57, 63, 71). He was given a new wheelchair, an ice pack, and an ace bandage (*id.* at ¶¶ 60, 68) but was also told multiple times by staff that his injury was not an emergency requiring a hospital visit and that repeated loss of consciousness was normal for a concussion (*id.* at ¶¶ 65, 67, 71, 83).

In his Motion, Plaintiff seeks, among other things, a temporary restraining order requiring Defendants to "provide a full independent medical evaluation from an outside medical provider and grant him whatever immediate medical care is necessary in that specialist's estimation" and to transfer him "to appropriate level care facility for his disabilities for his safety." (ECF No. 2 at 1.)

## III. ANALYSIS

Plaintiff seeks a disfavored form of relief that would alter the status quo and mandate action by Defendants, and therefore he has a high burden to meet. The Court finds he has not made a strong showing of a reasonable likelihood of success in this matter. To prevail on an

2

Eighth Amendment claim based on deliberate indifference to his serious medical needs, Plaintiff needs to establish a sufficiently serious medical need and that Defendants disregarded an excessive risk to his health and safety. *See Mata v. Saiz*, 427 F.3d 745, 751-52 (10th Cir. 2005). On the current record, Plaintiff has shown a likelihood of success as to neither element. "[A] medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 751 (quotation omitted). Plaintiff's allegations based on his own assessment of the seriousness of his injury are insufficient to establish the objective component of an Eighth Amendment claim.

Nor has he established the subjective component—that Defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that they drew such an inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "[A] prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). Further, "[a] negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Id.* Here, the allegations show, at most, that Plaintiff disagrees with the treatment Defendants provided in response to his fall, or, possibly, that they acted negligently. Accordingly, the allegations fall well short of establishing that Plaintiff is likely to succeed on a claim based on Defendants' deliberate indifference to his medical needs, and he is not entitled to a temporary restraining order that he receive an independent medical examination.

With respect to Plaintiff's request that he be transferred to a different facility, Plaintiff has not shown that his continued placement at USP Florence is a violation of his constitutional

rights. United States District Judge William J. Martinez rejected Plaintiff's previous request for a temporary restraining order requiring that he be transferred to another facility, noting that Plaintiff has been incarcerated at USP Florence since May 2019, and that he had not shown immediate and irreparable injury would result if he was not transferred promptly. *See Nellson v. U.S. Fed. Bureau of Prisons*, No. 21-cv-00932-WJM-STV, 2021 WL 2633402, at *1 (D. Colo. June 25, 2021). Nothing in Plaintiff's Motion or new Complaint establishes that circumstances have materially changed with respect to his request for a transfer. Thus, Judge Martinez's rationale applies under the current circumstances as well, and the Court finds Plaintiff has failed to meet his heightened burden for obtaining a temporary restraining order.

## IV.   CONCLUSION

Therefore, the Court DENIES Plaintiff's Motion (ECF No. 2) with respect to his request for a temporary restraining order. With respect to his request for a preliminary injunction, the directs Court Defendants to file a response (or responses) to the Motion on or before November 3, 2021.

DATED this 13th day of October, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge